**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 23 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.

INTERNATIONAL FIDELITY
INSURANCE CO.,

        Defendant-Cross-
        Claimant-Appellee,

HOWARD W. MCDANIEL,

        Defendant-Cross-
        Claimant-Appellant,

and

INTERNATIONAL FIDELITY
INSURANCE CO.,

        Third-Party-Plaintiff-
        Appellee,

v.

KATHERINE MCDANIEL,

        Third-Party-Defendant-
        Appellant.

No. 98-3051
(D.C. No. 95-CV-1169)
(D. Kan.)

**ORDER AND JUDGMENT** *

---

Before **BALDOCK, EBEL,** and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a) (2); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Appellants appeal from the district court's order granting appellee summary judgment on its indemnification claims, and denying appellants' claims seeking the return of the certificates of deposit pledged to appellee as collateral. Summary judgment is appropriate only if there are no genuinely disputed issues of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). Viewing the record in the light most favorable to the nonmoving parties, this court reviews the district court's decision de novo. See Hennigh v. City of Shawnee , 155 F.3d 1249, 1253 (10th Cir. 1998). Upon consideration of the record and the parties' arguments on appeal, we affirm.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellee issued a warehouseman's bond covering the performance of appellant Howard McDaniel's obligations as a federally licensed warehouseman. In order to obtain this bond, both Mr. McDaniel and his wife, appellant Katherine McDaniel, agreed to indemnify appellee "from and against any and all liability for losses and/or expenses of whatsoever kind or nature," incurred as a result of this surety bond. R., vol. IV, doc. 81, ex. A at 1. As security for the bond, Mr. McDaniel pledged several certificates of deposit.

Subsequently, a Department of Agriculture contracting officer determined that Mr. McDaniel had breached a Uniform Grain Storage Agreement (UGSA) with the Department of Agriculture's Commodity Credit Corporation (CCC), and, as a result, owed CCC $111,904.90, plus interest. The United States, on behalf of CCC, then commenced this action against appellee, seeking to recover this amount under the warehouseman's bond. Despite appellants' objections, appellee settled the government's claim for $40,000. Appellee then sought indemnification from appellants for the settlement amount, in addition to the costs and attorneys' fees it had incurred.

> The indemnification agreement authorized appellee
>
> to charge for any and all disbursements made by it in good faith in and about the matters herein contemplated by this [Indemnity] Agreement under the belief that it is or was liable for the sums and amounts so disbursed, or that it was necessary or expedient to make such disbursements, whether or not such liability, necessity or expediency existed; and that the . . . evidence of any such payments

made by the [Appellee] shall be prima facie evidence of the fact and amount of the liability to the [Appellee].

Id.

On appeal, appellants argue that appellee's settlement of the government's claim was not undertaken in good faith, contending appellee should have, instead, asserted a number of defenses against the government's claim. Appellants, however, have failed to establish any genuinely disputed issues of material fact tending to support these alleged defenses. In particular, because Mr. McDaniel failed to challenge the contracting officer's final decision in accordance with the exclusive means provided by the Contract Disputes Act, see 41 U.S.C. §§ 606, 607, 609, appellants are now precluded from challenging the underlying merits of that decision in this forum. See id. § 605(b) ( "The contracting officer's decision on the claim shall be final and conclusive and not subject to review by any forum, tribunal, or Government agency, unless an appeal or suit is timely commenced as authorized by this chapter."); see also, e.g. , United States v. Kasler Elec. Co. , 123 F.3d 341, 343-44, 346 (6th Cir. 1997), and cases cited therein.

Appellants may, nonetheless, challenge the validity and finality of the contracting officer's decision in this action. See Kasler Elec. Co. , 123 F.3d at 344-45, and cases cited therein. They do so by arguing that the contracting officer's decision was not final because Mr. McDaniel never received a hearing, as provided under the UGSA:

> [T]he warehouseman may request that the Deputy Administrator for Commodity Operations, acting through the REACT Committee, review any proposed termination of this Agreement or any removal from the approved list. The warehouseman will be given the opportunity to meet with the REACT Committee in Washington, D.C., before a final Contracting Officer's determination is issued on Agreement termination.

R., vol. V, attachment to doc. 87, at 15. In this case, however, Mr. McDaniel had an opportunity for a hearing and, in fact, had a meeting scheduled with the REACT committee. That meeting, however, was cancelled after CCC agreed to work with Mr. McDaniel to resolve this dispute. It was only after Mr. McDaniel was unable to remedy the dispute to the government's satisfaction that CCC outloaded all of its wheat and terminated the contract. The contracting officer's final determination followed. Under these circumstances, the lack of a hearing does not provide a basis to challenge the finality or validity of the contracting officer's determination.

Pursuant to the terms of the indemnification and collateral agreements, appellee was entitled to withhold the proceeds of the certificates of deposit appellants had pledged as collateral. Appellants' remaining arguments lack merit.

We, therefore, AFFIRM the district court's decision granting appellee summary judgment. The mandate shall issue forthwith.

Entered for the Court

Michael R. Murphy
Circuit Judge